IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LATONYA BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 C 01678 |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

For the reasons set forth in the Statement included with this Order, the Court grants in part the defendant's motion to dismiss. [20] The plaintiff's claim for disability discrimination survives the defendant's motion; her claim for age discrimination fails and is dismissed with prejudice. The defendant's obligation to answer the surviving claim is stayed, however, pending further order of the Court. In light of the plaintiff's failure to file a brief in opposition to the defendant's motion, the plaintiff is directed to file, on or before 01/14/2022, a status report indicating whether she intends to pursue this case further. If she does not intend to pursue the case or fails to timely provide the status report, the case will be dismissed with prejudice for want of prosecution.

## STATEMENT

Plaintiff Latonya Beard has brought a *pro se* complaint of employment discrimination against Defendant United Parcel Service, Inc. (UPS).[1] The complaint alleges that UPS discriminated against Ms. Beard on the basis of disability and age in violation of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA). UPS has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In the employment discrimination context specifically, a plaintiff need only plead that her employer took an adverse action against her on the basis of a protected characteristic. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028–29 (7th Cir. 2013). "[T]he complaint merely needs to give the defendant sufficient notice to enable him to

---

[1] Ms. Beard labeled the Defendant "United Parcel Service c/o William A. Walden, Esq.," but the complaint makes clear that Mr. Walden is not himself a defendant. Ms. Beard also incorrectly omits UPS's "Inc." designator in her complaint.

begin to investigate and prepare a defense." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008).

As for Ms. Beard's claim of disability discrimination, her complaint satisfies this standard. Using the employment discrimination complaint form made available to *pro se* litigants via the Court's website, Ms. Beard alleges that UPS discriminated against her because of a pregnancy-related disability (a protected characteristic). Compl. ¶¶ 9, 13, ECF No. 1. She alleges that UPS, beginning on January 20, 2014, failed to reasonably accommodate her postpartum work restrictions, which lead to her eventual termination (an adverse action). *Id.* ¶¶ 6, 12. Such facts, accepted as true, are sufficient to state a claim under the ADA.

Ms. Beard's claim of age discrimination is another matter. To claim protection of the ADEA, a claimant must be at least 40 years of age at the time of the alleged discrimination. 29 U.S.C. § 631(a); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 67 (2000). Nowhere in Ms. Beard's complaint does she allege her age (nor does the *pro se* complaint form solicit it). She does, however, attach various medical documents to her complaint which reveal a birthdate of October 17, 1985. Compl. Attach. at 7, 21, 25, 27, 29, ECF No. 1. This birthdate means Ms. Beard was 34 years of age at the time of the alleged discrimination and, therefore, too young to raise an age discrimination claim.

At the pleading stage, the Court "must consider not only the complaint itself, but also documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (internal quotations removed). It is noted, however, that although attachments to a complaint are made part of the complaint "for all purposes," Fed. R. Civ. P. 10(c), this does not mean that plaintiffs necessarily vouch for all facts within them. *Guzell v. Hiller*, 223 F.3d 518, 519 (7th Cir. 2000). "The plaintiff's purpose in attaching an exhibit to his complaint determines what assertions if any in the exhibit are facts that the plaintiff has incorporated into the complaint." *Id.*; *e.g.*, *Hardiman v. Lipnic*, 455 F. Supp. 3d 693, 700–01 (N.D. Ill. 2020) (employment discrimination complainant's attachment of agency's final order for purposes of showing complainant's right to sue did not admit as true the agency's adverse findings of fact). *But see In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992) ("A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.").

Here, it is reasonable to infer that Ms. Beard's purpose in attaching her medical documentation was not to prove she was underage—thereby defeating her own claim—but was to simply prove the disability she suffered from and the work restrictions her physicians recommended. Nonetheless, the Court finds no issue in viewing the birthdate her attachments reveal as authentic. Not only is the birthdate uncontroverted by the complaint,[2] it is also disclosed

---

[2] Ms. Beard did not file a response in opposition to UPS's motion to dismiss. UPS argues that Ms. Beard has therefore waived any arguments in opposition to the motion, which should be granted on that basis as well. Reply at 1–2, ECF No. 26. The Seventh Circuit has recently held, however, that a motion to dismiss under Rule 12(b)(6) cannot be granted "on the sole basis that it is unopposed." *Marcure v. Lynn,* 992 F.3d 625, 631 (7th Cir. 2021).

2

in five separate documents from three separate organizations. Compl. Attach. at 7, 21, 25, 27, 29, ECF No. 1. "[W]e are not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim . . . ." *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). Given the unrefuted birthdate her medical documents show, Ms. Beard is not entitled to bring a claim of age discrimination under the ADEA.[3]

Finally, UPS seeks to dismiss Ms. Beard's complaint as untimely. Under the ADA, a plaintiff must file a complaint within 90 days of receiving notice from the Equal Employment Opportunity Commission (EEOC) of the right to sue. 42 U.S.C. § 2000e–5(f)(1) (incorporated by 42 U.S.C. § 12117(a)).[4] This 90-day period begins to run on the date that the right-to-sue notice is *actually* received either by the claimant or their counsel. *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984). This "actual notice" rule protects plaintiffs who do not receive their notice letters in a timely manner through no fault of their own. *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001); *cf. St. Louis v. Alverno Coll.*, 744 F.2d 1314, 1316–17 (7th Cir. 1984) (plaintiff at fault for not notifying the EEOC of address change). Ms. Beard specifically alleges she received her right-to-sue letter on December 16, 2019. Compl. ¶ 8, ECF No. 1. That is 84 days prior to the filing of her complaint on March 9, 2020. Because facts in her complaint are taken as true, her complaint is timely.

UPS notes that the right-to-sue letter—a copy of which Ms. Beard attached to her complaint—was mailed on December 3, 2019. Compl. Attach. at 1, ECF No. 1. UPS argues that "unless proven otherwise, the receipt date is presumed to be five days from the mailing date." *Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989) (per curiam). Therefore, per UPS's math, Ms. Beard should have received the letter on December 8, 2019, which equates to 92 days prior to the filing of her complaint. However, Ms. Beard's specific allegation of actual receipt on December 16, 2019, trumps the five-day delivery presumption. UPS may choose to litigate when Ms. Beard actually received her letter or the question of whether a delayed receipt was due to Ms. Beard's own fault, but that dispute cannot be decided on a motion to dismiss. *See Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009) ("[A]t this stage there is no indication of why the letter initially was unclaimed, and so we must (though only provisionally) take [the plaintiff] at his word that, through no fault of his own, he first received it [as alleged]."); *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) ("[If] the date on which the letter was received . . . [is] in dispute, there must be an evidentiary hearing to inquire into the specific circumstances of the case.").[5]

---

[3] The deficiency in the plaintiff's ADEA claim cannot be cured; accordingly, that claim is dismissed with prejudice.

[4] The statute of limitations under the ADEA is similar. *See* 29 U.S.C. § 626(d)(1), (e). Because the age discrimination claim does not survive on grounds previously stated, only the timeliness of the disability discrimination claim is addressed.

[5] UPS also offhandedly raises laches to bar Ms. Beard's complaint. Laches, however, is an affirmative defense and cannot be set up for summary disposition by a motion to dismiss unless "the defense is apparent from the face of the complaint and so unmistakable that the action is frivolous." *Suggs v. United States*, 256 F. App'x 804, 805 (7th Cir. 2007). That is not the case here.

4

Accordingly, the plaintiff's ADA claim survives. The plaintiff's failure to respond to the motion to dismiss, however, suggests that the plaintiff may have abandoned her claims. Therefore, the Court directs the plaintiff to file, on or before January 14, 2022, a status report indicating whether she intends to pursue this case further. If she does not intend to pursue the case or fails to timely provide the status report, the case will be dismissed with prejudice for want of prosecution. If the plaintiff intends to pursue her claim, the Court will require the defendant to answer the surviving ADA claim. Until further order, however, the defendant's obligation to answer the claim is stayed.

Date: December 3, 2021

John J. Tharp, Jr.
United States District Judge